IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDUARDO FIGUEROA-NEGRON,

    Plaintiff,
v.	CASE NO. 5:16-cv-61-MP-GRJ

S. VILCHEZ, M.D.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Gulf Correctional Institution, initiated this case by filing a handwritten civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed as a pauper in the Southern District of Florida. ECF Nos. 1, 4. Because the Complaint concerns the conditions of Plaintiff's confinement at Gulf CI, the case was transferred to this Court. ECF No. 7. The Court ordered Plaintiff to file an amended complaint on the Court's form, and this case is now before the Court for screening of the First Amended Complaint, ECF No. 11, and consideration of Plaintiff's amended motion for leave to proceed as a pauper, ECF No. 12. Plaintiff also moves for appointment of counsel. ECF No. 13. For the reasons discussed below, it is respectfully

**RECOMMENDED** that leave to proceed as a pauper be denied and that

this case should be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

The First Amended Complaint alleges that the medical director at Gulf C.I., Dr. Vilchez, violated Plaintiff's constitutional rights by failing to provide Plaintiff with pain medication previously prescribed by a different physician. Plaintiff's allegations, and the administrative remedy documents attached to the Complaint, reflect that Plaintiff complained to prison officials, including Dr. Vilchez, about his medical care. Dr. Vilchez determined that Plaintiff's complaints could be treated with over-the-counter medication and his grievances were denied. *See* ECF No. 11.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915 (the *in forma pauperis* statute):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must

allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Figueroa-Negron v. Colonel Lugo,* Case No. 1:16-cv-20227-DPG, ECF No. 6 (S.D. Fla. 2/4/16) (dismissing case pursuant to the three strikes bar and recounting seven prior cases that qualify as "strikes," all of which were filed before the instant case). The Court has confirmed that the Plaintiff in this case and in the prior cases qualifying as strikes is the same, having DOC inmate number No. T65929.

Further, Plaintiff wholly failed in the First Amended Complaint, which he executed under penalty of perjury, to truthfully disclose his status as a three-striker. Plaintiff responded "no" to the question "have you ever had any action in Federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and failed to identify any such cases. *See* ECF No. 11 at 4.

Because Plaintiff is subject to the three-strikes bar, he is barred from

proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real

and proximate.").

Plaintiff's allegations in the instant Complaint do not suggest that he can satisfy the "imminent danger" exception to the three-strikes bar. His allegations patently fail to state a claim for deliberate indifference. Assuming that Plaintiff's condition amounted to a serious medical need under the Eighth Amendment, he has failed to show that Defendant was deliberately indifferent to his needs. Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*,

551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Plaintiff's allegations at most reflect a disagreement over the proper treatment for his complaints.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is therefore **ORDERED** that Plaintiff's motion for appointment of counsel, ECF No. 13, is **DENIED.** It is respectfully **RECOMMENDED** that leave to proceed as a pauper should be denied and that this case should be dismissed without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 8th day of April 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Page 7 of 7*

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**